HOME FEDERAL SAVINGS & LOAN ASSOC., Plaintiff, v.
BRUCE, et, Defendants,
DUNN, et, Defendants-Appellees, KOERBLING, et,
Defendants-Appellants.

Ohio Appeals, Second District, Greene County.

No. 506. Decided October 29, 1948.

Smith & Smith, Xenia, for Catherine Dunn and Betty Driscoll, defendants-appellees.

Shoup & Hagler, Meyer H. Dreety, Xenia, for Auguste K. Koerbling and Hulda K. Koerbling, defendants-appellants.

### OPINION

By MILLER, J.:

This is a law appeal from the Court of Common Pleas, Greene County, Ohio. The question presented concerns the validity of the assignment of a note in the sum of $3000.00 and a real estate mortgage given to secure the same. The maker of the note was one Ann Bruce and the payees were Betty Driscoll and Catherin Dunn who will hereafter be referred to as appellees.

The record discloses that sometime after the giving of the note and mortgage Ann Bruce entered into a land contract to sell the real estate covered by the mortgage to Auguste K. Koerbling and Hulda R. Koerbling, who will hereafter be referred to as the appellants. These appellants paid Ann Bruce the sum of $3000.00 to apply on the contract of purchase, but the deed and possession of the property was not given to the purchasers in accordance with the same. It was later discovered that she could not give a good title to the property

because the Federal Government had a large lien upon it. A demand was made upon her for the return of the $3000.00 which she admitted she was not able to pay. Considerable pressure was brought to bear upon her by the appellants; so finally a conference was held at her lawyer's office between the appellants, Ann Bruce, and her attorney, Webb Clark. It was at this conference that Ann Bruce told of the $3000.00 note and mortgage being held by her friends, appellees, and that she would get this note and mortgage from them and turn the same over to the appellants for their security. The following day Ann Bruce called on these appellees at their residence in Toledo, Ohio, telling them she had a buyer for the property and asked them to endorse the note and mortgage, give the same to her so that she could complete the transaction and get their money for them. This was not to take over thirty days. The note and mortgage were endorsed in blank and given to her as requested. Another conference was held at Attorney Clark's office at which time the following assignment was written above the signatures of the two payees of the note on both the note and mortgage: "For value received we hereby assign the within note to Auguste K. Koerbling, and Hulda R. Koerbling". The endorsement on the mortgage was identical, only the word "mortgage" was substituted for "note".

The record discloses that the action originated as a suit in foreclosure being brought by the Home Federal Savings and Loan Association, and among the defendants enumerated were Ann Bruce and the appellants. The appellees were not parties to the original action, but became such upon the sustaining of a motion for leave to plead. The sustaining of this motion is one of the errors assigned. We find no error in this assignment, as the record clearly shows that they were proper parties.

The cause then came on for hearing before the court, a jury having been waived. The Court in a separate finding of law and fact found:

"* * * The Court further finds that on January 24, 1946, Ann Bruce gave a mortgage to Betty Driscoll and Catherine Dunn for $3000.00, and this mortgage was recorded on February 13, 1946, and at that time there was no other lien against the said property except the mortgage of the Home Federal Savings and Loan Association as above set forth.

The Court further finds that the mortgage given to Betty Driscoll and Catherine Dunn was assigned by them to Auguste

K. Koerbling and Hulda K. Koerbling on October 9, 1946, and that said assignment was made to the Koerblings by Betty Driscoll and Catherine Dunn through false representations made to them by Ann Bruce, and that said mortgage was assigned without any consideration."

The Court's conclusion of law is:

"* * * The Court finds that the mortgage given to Betty Driscoll and Catherine Dunn having been assigned without any consideration and through fraud and misrepresentation the said assignment is of no effect and said assignment should be set aside and the true holders of said mortgage are Betty Driscoll and Catherine Dunn. * * *"

We find no error in these conclusions by the trial court. One of the essential requirements in order to be a holder in due course enumerated by §8157 GC is that the assignee take the note in good faith and for a valuable consideration. The evidence discloses that the parties to the assignments were the payees of the note and mortgage and the appellants. Ann Bruce was not an endorsee. If she had been, and she had assigned to the appellants it might well have been argued that the appellants were holders in due course as she was indebted to them in the sum of $3000.00, which would have been a sufficient consideration for the assignment. The record conclusively shows that the payees of the note received no consideration for the assignment from the appellants. Absence or failure of consideration is a matter of defense as against any person not a holder in due course. Sec. 8133 GC. The appellants urge that "forbearance of suit" against Ann Bruce by the appellants constitutes a valuable consideration to the appellees for the assignment. Such would have been true had the appellees known of the Bruce transaction with the appellants and they had assigned the note and mortgage to the appellants for the purpose of helping Ann Bruce out of a difficult situation, but the evidence is clear, however, that they knew nothing of the transaction nor of the suit to foreclose until just prior to the filing of their motion to be made parties to the action; that they signed the mortgage and note in blank for the purpose of cancellation of both instruments upon receipt of payment and for no other purpose.

We find no error in the record and the judgment is affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.